UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-60629-CIV-DIMITROULEAS/HUNT

JIMMY ANZARDO,

    Plaintiff,

v.

AQUA HOLDINGS LIMITED, LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motion for Attorneys' Fees ("Motion"). ECF No. 71. The Honorable William P. Dimitrouleas referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 72; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, the applicable law, and being otherwise fully informed in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Attorneys' Fees, ECF No. 71, be GRANTED in part as set forth below.

## BACKGROUND

On March 9, 2019, Jimmy Anzardo ("Plaintiff") brought this action against Aqua Holdings LLC, Aqua Fire Pit, LLC, James Russell, and Jessica Rose (collectively "Defendants") alleging violations of the statutory wage and overtime provisions under the Fair Labor Standards Act ("FLSA"). *See* ECF No.1; 29 U.S.C. § 201, *et seq*. The Parties filed a notice of settlement, however, that notice was stricken as to Defendant Aqua Holdings Limited and Defendant Aqua Fire Pit. ECF Nos. 23, 44.

Counsel for Defendants withdrew. ECF No. 42. The Court warned Defendants Aqua Holdings Limited and Aqua Fire Pit that a corporation cannot appear pro se and that failure to obtain counsel would result in the Court striking their pleadings and deeming the corporate Defendants in Default. ECF No. 42. Defendant Aqua Holdings Limited and Defendant Aqua Fire Pit failed to obtain counsel by the Court's deadline, which resulted in the Court striking their pleadings and deeming them in default. ECF No. 44. On September 23, 2020, Plaintiff moved for default, which was granted by this Court on October 8, 2020. ECF Nos. 48, 51.

The Court then ordered the Clerk to enter default as to the two pro se Defendants, James Russell and Jessica Rose. ECF No. 56. Plaintiff then moved for default judgment against the pro se Defendants. ECF No. 59. The Court granted the motion for default and entered final judgment in favor of Plaintiff against all Defendants. ECF Nos. 64, 65.

Plaintiff then moved for attorneys' fees and costs. ECF No. 71. Defendants' deadline to respond passed and this Court entered an order requiring Defendants to respond or risk the motion for attorneys' fees being granted as unopposed. ECF No. 73. To date, Defendants have not filed any response in opposition.

The undersigned finds that Plaintiff is entitled to attorneys' fees and costs pursuant 29 U.S.C. § 216(b) because final default judgment was entered in favor of Plaintiff against all Defendants.

**DISCUSSION**

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A

reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of a six-year attorney from $300 to $250).  The movant bears the burden of proving that the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299, 1303.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.  *Id.*

1. <u>Reasonable Hourly Rate</u>

Plaintiff seeks $12,120 in attorneys' fees based upon professional services rendered.  ECF No. 71.

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'"

*Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The fee applicant bears the burden of establishing the claimed market rate.  The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.*  (internal quotations and citations omitted).

This Court has considered Plaintiff's Motion and the *Johnson* factors.  Plaintiff's counsel, Elliot Kozolchyk, requests an hourly rate of $400 and cites his ten years of experience in the area of employment law as support.  ECF No. 71.  This Court requires Parties seeking attorneys' fees to file a notice of previously awarded fees from cases in this District, which Plaintiff's counsel has done.  ECF No. 75.  Notably, Mr. Kozolchyk has only been awarded an hourly rate of $400 once in the past two years but has been awarded an hourly rate of $375 multiple times more recently.  *Id.*  Based upon this Court's own knowledge and experience, the length and extent of litigation involved in the instant case, as well as in conformity with recent rulings in the District, this Court concludes that a $375 hourly rate is reasonable for an attorney with Mr. Kozolchyk's experience.

2.     <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433

(1983).  Inquiry into the reasonable number of hours focuses on the attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations.  *Hensley*, 461 U.S. at 434.

Plaintiff seeks attorneys' fees for 30.3 hours of work.  The fees were incurred while communicating with Plaintiff, reviewing records, communications with opposing counsel, settlement negotiations, and drafting and filing pleadings and motions.  ECF No. 71-1.  In support of this Motion, Plaintiff's counsel has submitted a billing statement.  ECF. No. 71-1.  The undersigned has reviewed the billing records line-by-line, compared them to the filings generated, and finds that the hours expended on the indicated tasks are reasonable.  Therefore, the undersigned finds that Plaintiff's counsel is entitled to 30.3 hours.

3.    Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in

the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Plaintiff's attorney's reasonable number of hours expended, 30.3, by the respective hourly rate, $375, yields a recommended combined lodestar amount of $11,362.50.

4.  Costs

Plaintiff seeks to recover $646 in litigation costs, which result from the initial $400 and process server fees of $246. The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). An exception to this is when a Plaintiff uses a private process server. Such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). Per 28 C.F.R. § 0.114(a)(3), the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." Plaintiff's itemized listing show that each line item for service was $41 per item served. ECF No. 71-2. Therefore, the undersigned finds that Plaintiff is entitled to recover litigations costs in the amount of $646.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Attorneys' Fees, ECF No. 71, be GRANTED in part. Plaintiff's counsel should be awarded fees in the amount of $11,362.50 and costs of $646, for a total award of $12,008.50.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 6th day of May 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record